IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CREST RESOURCES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-766-TCK-PJC |
| ) | |
| DAN BLOCKER PETROLEUM ) | |
| CONSULTANTS, INC, et al., ) | |
| ) | |
| Defendants; ) | |
| ) | |
| -and- ) | |
| ) | |
| WEATHERFORD INTERNATIONAL, ) | |
| INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HEXION SPECIALTY CHEMICALS, ) | |
| INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Weatherford International, Inc.'s ("Weatherford") Motion to Compel Discovery. [Dkt. No. 91]. The Motion to Compel has three components: First, Plaintiff Crest Resources Inc. ("Crest") failed to timely respond to Weatherford's Seventh and Eighth Requests for Production. Second, that Crest responded to documents requests by stating that responsive documents had already been produced, but without identifying for

1

Weatherford what those documents were. Third, Crest has not produced the documents and data that its expert, John Paul Dick, relied on in preparing his expert report.

The Motion to Compel is hereby **GRANTED** as set forth below.

Weatherford has served multiple document requests and has received documents in intermittent production. Crest exercised its right to produce documents as kept in the "usual course of business" under Fed. R. Civ. P. 34(b)(1)(E)(i). Most of an estimated 7,000 documents that have been produced were Bates numbered; however, the parties estimate that another 1,000 pages were produced without Bates numbers. Weatherford complains that there sees to be "neither rhyme nor reason" to the document production; that is, there is no apparent organizational structure to how these documents are maintained. Weatherford also complains that because of the multiple document productions and supplementation, the statement that responsive documents have "already been produced" is meaningless. For example, in response to Request for Production 28 from Weatherford's Eighth Request for Production, Crest responded:\

> Documents responsive to this request have already been produced and were produced by Crest as the same are kept in the usual course of business. Additional responsive documents are produced on the CDs enclosed herewith.

Weatherford asserts that without knowing which of the previously produced documents are responsive to this request, there is no way of knowing what

2

documents Crest is referring to. Weatherford states that it needs an index that identifies what Bates-numbered documents are responsive to which document request. Crest objects that this would amount to Crest assisting Weatherford's trial preparation.

The Court first notes that Crest's responses to the Seventh and Eighth Requests for Production were well out of time. The Requests were served in November 2012. Responses were due by December 5 and December 20, but were not forthcoming until January 2013. Additional documents were produced before the hearing held on February 19, 2013. Crest's dilatory responses are not acceptable.

In *State of Oklahoma v. Tyson Foods, Inc.*, 2007 WL 1498973 (N.D. Okla. May 17, 2007), U.S. Magistrate Judge Sam Joyner cited with approval a Georgia opinion dealing with a producing party's duties under Rule 34(b). *Williams v. Taser Int'l, Inc.*, 2006 WL 1835437 (N.D. Ga. June 30, 2006). Although the rule states that a party may produce documents as they are kept in the usual course of business, there is little guidance in the Rules as to what this means. In *Williams*, the court stated a party producing in this manner "must either direct the [receiving] party to the location or locations within its files where documents responsive to each of their specific requests may be found, or provide a key or index to assist the [receiving] party in locating the responsive documents." *Tyson*, 2007 WL 1498973, at *3 (quoting, *Williams* at *7). A party does not satisfy its

Rule 34 obligations by merely pointing the opposing party to its file and leaving that party "to sift through documents in an effort to locate those that are responsive to its requests." *Tyson* at *4. The producing party is "obligated to provide some reasonable assistance to [the receiving party] in the location of responsive documents." *Id.*

The Court need not decide whether this rule applies in every case where a producing party chooses to produce documents as kept in the usual course of business. Rather, it is sufficient that under the circumstances herein – late response to discovery requests, several supplemental productions, no apparent organizational structure to the production – the Court finds it appropriate to require Crest to supplement its discovery responses to the Seventh and Eighth Requests by identifying for Weatherford by Bates number the documents that correspond to each of the specific document requests. Crest shall make this supplementation by **March 21, 2013**.

In addition, Crest is to produce the entire file of documents/data that its expert Mr. Dick relied upon in formulating the opinions set forth in his expert reports. Crest is to produce this information by **March 21, 2013**. Counsel is cautioned that failure to produce these documents by the deadline could result in Dick not being permitted to testify at trial.

Any request for fees associated with this Motion to Compel shall be filed by March 1, 2013.

**IT IS SO ORDERED** this 19th day of February 2013.

_____
Paul J. Cleary
United States Magistrate Judge